IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FIREMAN'S FUND INSURANCE COMPANY and
RIVERSIDE CONSTRUCTION CO., INC. PLAINTIFFS

VS. CIVIL ACTION NO. 3:13-cv-872(DCB)(MTP)

4-H CONSTRUCTION CORPORATION DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant 4-H Construction Corporation ("4-H")'s motion for summary judgment **(docket entry 16)**, and on the plaintiffs Fireman's Fund Insurance Company ("Fireman's Fund") and Riverside Construction Co., Inc. ("Riverside")'s motion to strike defendant's additional reply memorandum **(docket entry 29)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The present suit is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff Fireman's Fund, subrogee of plaintiff Riverside, seeks compensation for damages to a barge owned by Riverside which were allegedly caused by a barge owned by 4-H.

4-H's motion for summary judgment alleges that this action is "barred by the principles of judicial estoppel, laches, and/or applicable statute of limitations for the State of Mississippi." Motion for Summary Judgment, p. 1. 4-H also contends that there are no factual disputes and that the only issues are issues of law.

Id. The defendant's contention, that it is entitled to dismissal of this action because the plaintiffs did not serve their summons and complaint within 120 days after the filing of the complaint, is actually an insufficient service of process defense which is governed by Federal Rule of Civil Procedure 12(b)(5). See Davidson v. Astrea Aviation Servs., Inc., 1997 WL 102486, at *2 (N.D. Tex. March 5, 1997).

"[T]he full scope of Rule 4 [of the Federal Rules of Civil Procedure] applies to admiralty proceedings in personam and extends the personal jurisdiction of the court to any defendant properly served under that rule." H&F Barge Co. v. Garber Bros., Inc., 65 F.R.D. 399, 404 (E.D. La. 1974). Rule 4(e) provides that service may be had by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1). Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

The defendant disputes the sufficiency of process in its

motion for summary judgment; however, the Court finds that the argument has been waived. Rule 12(h) of the Federal Rules of Civil Procedure provides that any defense listed in Rule 12(b)(2)-(5), which includes insufficiency of process, is waived by "(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." In other words, objections to the sufficiency of service of process are waived if not raised in the answer or in a pre-answer motion.[1] The defendant has done neither. 4-H's answer did not raise the defense of insufficiency of service of process, and the defendant did not file a pre-answer motion asserting the defense. Although 4-H filed an Amended Answer on May 10, 2013, the amendment mentions neither insufficiency of service of process nor Rule 12(b)(5).

Although the Court is of the opinion that 4-H's challenge to the sufficiency of process has been waived, the Court nevertheless exercises its discretion under Rule 4(m) to direct the plaintiffs to effect proper service of process upon 4-H within thirty (30)

---

[1] "The message conveyed by the recent version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these defenses he must do so at the time he makes his first defensive move - whether it be a Rule 12 motion or a responsive pleading." Golden v. Cox Furniture Mfg. Co., Inc., 683 F.2d 115, 118 (5th Cir. 1982)(quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (1969)).

days from the date of this Memorandum Opinion and Order. See Vessel Leasing, LLC v. Barge ACL-01537 In Rem, 2007 WL 3343046, at *3 (S.D. Miss. Nov. 7, 2007)(citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)("we agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause.")).

Relevant factors a court may consider in deciding whether to exercise its discretion to extend time for service of process in the absence of a finding of good cause include: whether the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note. In addition, "courts within the Fifth Circuit have ventured outside those suggestions found in the Advisory Committee Note and extended time for service of process where it is judicially efficient to do so, and/or where the defendant is not prejudiced as a result of a plaintiff's failure to effect service." Vessel Leasing, at *4 (citations omitted).

That 4-H has had notice of this suit, and has been fully aware of the allegations against it, since October of 2012, and that it has not been prejudiced in its ability to defend, also weigh in the Court's determination that this case should not be dismissed. See Vessel Leasing, at *4 (citing Scott v. Cypress Creek Emergency

Medical Servs., 2007 WL 2209268, at *3 (S.D. Tex. July 27, 2007)(refusing to dismiss a case under Rule 4(m), in part, because defendant did not argue that late service imposed upon him any prejudice or undue hardship) and Alden v. Allied Adult & Child Clinic, LLC, 2002 WL 1684553, at *1 (E.D. La. July 22, 2002)("In considering whether to dismiss a defendant who was untimely served but where it is not obvious there is good cause for the delay, courts consider the reasons for the delay and whether the tardy service has prejudiced the defendant.")).

For the foregoing reasons, the Court finds that defendant 4-H's motion for summary judgment must be denied. However, the plaintiffs are nevertheless directed to effect proper service of process upon 4-H within thirty (30) days from the date of entry of this Memorandum Opinion and Order.

As for the plaintiffs' motion to strike the defendant's additional reply memorandum, the Court finds that Counsel for 4-H has provided sufficient explanation for the lateness of his Additional Reply, and the motion shall therefore be denied. Accordingly,

IT IS HEREBY ORDERED that defendant 4-H's motion for summary judgment **(docket entry 16)** is DENIED;

FURTHER ORDERED that plaintiffs Fireman's Fund and Riverside's motion to strike defendant's additional reply memorandum **(docket entry 29)** is DENIED;

FURTHER ORDERED that plaintiffs shall effect proper service of process upon defendant 4-H Construction Corporation within thirty (30) days from the date of this Memorandum Opinion and Order.

SO ORDERED, this the 28th day of March, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE